# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MICHAEL COOPER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | CIVIL NO. 08-cv-742-MJR |
| JOHN EVANS, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___,

2009 WL 1361536, *13 (May 18, 2009).

**THE COMPLAINT**

Plaintiff, a practicing Buddhist, requires "octo-lacto" meals, which can be composed of milk, eggs, and vegetables but no other animal products. Plaintiff contends that while he was confined at Big Muddy Correctional Center he requested the appropriate meals from the Defendants, but his meals were prepared improperly on multiple occasions, containing items of either pork and/or beef. As a result, Plaintiff was not able to practice his religion. In an affidavit attached to the complaint, a witness claims that after Plaintiff brought the matter of his improperly prepared meals to the attention of prison staff, Defendant Cooksey directed kitchen employees to purposefully "scar" Plaintiff's meals. "Scarring" is described as a form of off-the-record punishment, though no further description is provided.

**DISCUSSION**

The law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999). It is also well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990)(citing cases). Accordingly, the Court is unable to dismiss Plaintiff's claim that Defendants Evans and Cooksey violated Plaintiff's First Amendment rights regarding his religious diet.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005

(7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). An action is considered retaliatory if it would "'deter a person of ordinary firmness'" from exercising his First Amendment rights in the future. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (*quoting*, *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). Because no further description of the term "scarring" is provided, it is difficult to determine whether a person of "ordinary firmness" would be deterred in the future from filing grievances. The attached affidavit, however, states that Plaintiff gave up taking food trays because of the "scarring" and it is reasonable to infer that "scarring" is a sufficiently adverse action so as effect Plaintiff's exercise of his rights. Therefore, Plaintiff's claim that Defendant Cooksey retaliated against him for exercising his First Amendment rights survives review under § 1915A.

**MOTION TO APPOINT COUNSEL**

Also before the Court is Plaintiff's motion to appoint counsel (Doc. 4). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff vaguely asserts that he "made several attempts to acquire council [sic] pro bono" but that he received "no response." Based on this allegation the Court cannot conclude whether Plaintiff made a "reasonable" effort to obtain counsel or just a perfunctory one. There is certainly no indication that Plaintiff has effectively precluded from obtaining counsel.

3

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Plaintiff's claims that he was denied his religious meals and that he was retaliated against (in the form of "scarred" meals) for complaining about the lack of religiously appropriate meals are not that factually complex. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex and Plaintiff alleges that he has limited knowledge of the law and limited access to the law library. Nevertheless, one of the exhibits attached to the complaint in this case is a grievance filed by Plaintiff concerning the lack of appropriate religious meals. In this grievance, Plaintiff cites to relevant case law supporting his claim to a religious diet. Based on this exhibit and Plaintiff's pleadings in this case the Court concludes that - at this time - Plaintiff appears to be competent to litigate his case. Therefore, Plaintiff's motion for the appointment of counsel (Doc. 4) will be **DENIED**, without prejudice.

## DISPOSITION

In summary, the complaint survives review under § 1915A. The Clerk is directed to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Evans and Cooksey.** The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Evans and Cooksey** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of

computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c).

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED**, without prejudice.

**IT IS SO ORDERED**.

**DATED this 17th day of June, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
