IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-cv-0742-MJR-CJP |
| | ) | |
| JOHN EVANS, BARB COOKSEY, | ) | |
| JON KLINE, ANGELA WINDSOR, | ) | |
| GARY ADAM, CHARLES CONRAD, | ) | |
| DEANA FORTAG, MS CAMPBELL, | ) | |
| G. HOPSON, M. PROCTOR, | ) | |
| C/O ORESKOVICH, and C/O HOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Reagan, District Judge:

A.  Introduction

Michael Cooper is an inmate at Pinckneyville Correctional Center.  He filed this lawsuit alleging his federally-secured civil and constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center (BMR), an Illinois Department of Corrections facility.  The suit names John Evans (BMR's warden) and eleven BMR employees, including Barb Cooksey, the food service manager.  The Amended Complaint alleges that while Cooper was incarcerated at BMR, Evans and Cooksey intentionally denied him the lacto-ovo diet his Buddhist beliefs require, thereby violating the First Amendment's "Free Exercise" clause, the Fourteenth Amendment's "Equal Protection" clause, and (as construed by the Court) the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, *et. seq.*

Evans and Cooksey moved for summary judgment in January 2010 (Doc. 32). After obtaining extended time to reply, Cooper responded in February 2010 (Doc. 40). The undersigned District Judge then referred the motion to the Honorable Clifford J. Proud, United States Magistrate Judge, to conduct an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), and prepare a Report and Recommendation (R&R).

Judge Proud held an evidentiary hearing on May 27, 2010. On May 28, 2010, he issued an R&R (Doc. 70) recommending the Court deny the summary judgment motion. Defendants objected to the R&R on June 14, 2010, and Warden Evans again moved for summary judgment (Doc. 75).

Timely objections having been filed, the undersigned District Judge undertakes *de novo* review of the portions of the Report to which specific objection was made. **28 U.S.C. § 636(b)(1)(B);** FED. R. CIV. P. 72(b); **Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 289, 301 (7th Cir. 1992)**. The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. FED. R. CIV. P. 72(b); **Local Rule 73.1(b);** *Willis v. Caterpillar, Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**.

B. Applicable Legal Standards

Defendants seek summary judgment in their favor, asserting that Cooper failed to exhaust all administrative remedies before filing suit. Summary judgment is appropriate where the pleadings, discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

In ruling on a summary judgment motion, this Court must view the evidence and all inferences reasonably drawn from the evidence in the light most favorable to the nonmovant (here, Plaintiff Cooper). *TAS Distributing Co. v. Cummins Engine Co.*, **491 F.3d 625, 630 (7th Cir. 2007);** *Reynolds v. Jamison*, **488 F.3d 756, 764 (7th Cir. 2007).** But the nonmovant must do more than raise a metaphysical doubt as to the material facts. Instead, he "must come forward with specific facts showing that there is a genuine issue for trial." *Keri v. Bd. of Trs. of Purdue Univ.*, **458 F.3d 620, 628 (7th Cir. 2006),** *cert. denied*, **549 U.S. 1210 (2007),** *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Bearing these standards in mind, the Court assesses the record before it, having carefully reviewed the materials submitted by the parties.

C. Analysis

The Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners to exhaust all available administrative remedies before filing suit in federal court. That requirement applies to suits challenging prison conditions under 42 U.S.C. § 1983, as well as actions under "any other federal law, by a prisoner confined in any jail, prison, or other correctional facility." **42 U.S.C. § 1997e(a).**

The PLRA's exhaustion requirement has several benefits, according to the Supreme Court: allowing a prison to address prisoner complaints before being subjected to suit, reducing litigation because some complaints are resolved, and improving litigation by fostering preparation of a useful record. *Jones v. Bock*, **549 U.S. 199, 219 (2007).** Providing early notice to those who might be sued is not one of exhaustion's leading purposes. *Id.* Prison officials

bear the burden of proving exhaustion, since exhaustion is an affirmative defense. *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). *Accord Jones*, 549 U.S. at 216.

To properly exhaust remedies within the meaning of the PLRA, an inmate must complete the administrative review process in accordance with procedural rules defined by the local prison grievance process. *Jones*, 549 U.S. at 218. *See also Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005). If a prisoner takes all the necessary steps to exhaust a line of administrative review but does receive instructions on proceeding once his attempts are foiled, he has exhausted his administrative remedies. *Dole v. Chandler*, 438 F.3d 804, 813 (7th Cir. 2006).

In Illinois, the grievance process is delineated in the Illinois Administrative Code. A prisoner must first attempt to resolve grievances through his counselor. **20 Ill. Admin. Code § 504.810(a).** If unsuccessful, the inmate may file a written grievance on a specified form, *id.*, which is reviewed by the grievance officer, *id.* § 504.830(a). If the grievance is found to have no merit, the grievance officer reports findings and recommendations to the warden, *id.* § 504.802, who advises the inmate of a decision within two months where reasonably feasible, *id.* § 504.830(d).

The Illinois grievance process continues with a written appeals process if an inmate is unsatisfied with the warden's decision. *Id.* § 504.850. The Director of the Illinois Department of Corrections reviews the grievances and the grievance officer's responses and decides whether the grievance (a) requires a hearing before the Administrative Review Board ("ARB"), (b) is without merit, or (c) can be resolved without a hearing. *Id.* § 504.850(b). If the grievance

proceeds to a hearing, the ARB submits a written report to the Director, who makes a final determination within six months. *Id.* §§504.850(b)–(f).

In the case at bar, Defendants challenge Judge Proud's legal conclusion, but not his summary of the documentary evidence. Judge Proud found Cooper initiated three grievances, one each in July, August, and September 2008. He found the July and August grievances were not pursued to exhaustion.

Cooper pursued an "emergency" grievance on September 3, 2008 (Doc. 33-1, pp. 5–6). The warden ruled it was not an emergency on September 22; a day later the same grievance was denied by Cooper's counselor (*Id.*). Cooper submitted that grievance to the ARB, which returned it, instructing Cooper to *use* form "DOC 0047" (Doc. 33-1, p. 4 (emphasis added)). According to the BMR Clinical Services Supervisor's testimony, that form was strictly for the grievance officer and chief administrative officer's use (Doc. 70, pp. 9–10).

Cooper did not pursue the sequential grievance procedures outlined in the Illinois Administrative Code. According to that scheme, he should have pursued the September grievance with his counselor *and* the warden, *and* submitted documentation of those steps to the ARB. *See* **20 Ill. Admin. Code § 504.** Defendants overlook that the sequential grievance procedures are not always necessary. The Illinois Administrative Code allows Cooper's emergency grievance. **20 Ill. Admin. Code § 504.840.** The Seventh Circuit has explained that an inmate who seeks emergency review under § 504.840 has no obligation to resubmit the grievance through normal channels. ***Thorton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005),** *cert. denied*, **547 U.S. 1192 (2006).**

The undersigned Judge agrees with Judge Proud's conclusion that the ARB "appears to have intended to communicate [the non-emergency] process to plaintiff" (Doc. 70, p. 10). The ARB may have simply meant for Cooper to attach a "DOC 0047," not to use the form himself.

But the ARB—the highest authority in the administrative process—specifically instructed Cooper to "use" a form that was only available for the prison administration's "use."    Judge Proud concluded these instructions rendered the administrative process unavailable  (Doc. 70, pp. 10–11).  The undersigned Judge agrees.  *See, e.g., Kaba*, **458 F.3d at 684 (administrative remedies not available when prison officials fail to provide inmates necessary forms);** *Dole*, **438 F.3d at 811 (refusing to find a prisoner failed to exhaust where prison officials, not the prisoner, were responsible for the mishandling of the grievance).**

The PLRA bars actions until such administrative remedies *as are available* are exhausted. **42 U.S.C. § 1997e(a) (emphasis added).**  Since Cooper had no further administrative remedies available, the PLRA cannot bar this action.  Defendants' motion for summary judgment (Doc. 32) will be denied.

D.  <u>Evans's Post-R&R Motion for Summary Judgment</u>

In the objection to Judge Proud's R&R, Evans alone moves for summary judgment because he was not named in Cooper's September 2008 grievance (Doc. 75, ¶ 6).  But exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievance.  *Jones*, **549 U.S. at 219**.  The details of an inmate's grievance do not, then, circumscribe the resulting litigation.

Defendants rightly point out that the Illinois Administrative Code requires a grievance to "contain factual details, including what happened, when, where, and the name of each person

who is the subject of or who is otherwise involved in the complaint." **20 Ill. Admin. Code § 504.810(b).** If exhaustion were a notice-pleading standard or true jurisdictional bar, perhaps Evans's motion subsequent to Judge Proud's R&R would deserve further consideration. But exhaustion is an affirmative defense. ***Jones*, 549 U.S. at 216.** The PLRA's exhaustion requirement is not meant to provide personal notice to a particular official that he may be sued. *Id.* at 219.

Defendants ignore the next sentence in the Code, which softens the first sentence's identification requirement: "This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." *Id.  See also **Glick v. Walker**,* **2010 U.S. App. LEXIS 14361, at \*6–7 (7th Cir. July 13, 2010).** Cooper's grievance articulated the facts the prison could reasonably expect from a prisoner in his position. The prison cannot complain it did not have an opportunity to address Cooper's complaints about his dietary needs. *Id.* **(". . . the benefits of exhaustion . . . include allowing a prison to address complaints about the program it administers before being subjected to suit . . . .").**

The PLRA does not require absolute congruence between Cooper's grievance and this lawsuit. It only requires "proper exhaustion." ***Woodford v. Ngo*, 548 U.S. 81, 92 (2006).** The exhaustion issue having been resolved in Section C above, Evans's remaining motion (Doc. 75) fails.

E. <u>Conclusion</u>

Because the ARB's instructions instructed Plaintiff to use a form that was unavailable to him, Plaintiff had no further administrative remedies available. Judge Proud correctly

determined the PLRA cannot bar this action, which should survive summary judgment. Defendant Evans's further contention that he be dismissed from the case is without merit, since the PLRA requires Plaintiff to follow Illinois' procedural rules, not to provide advance notice to a defendant.

For all these reasons, the Court **ADOPTS** Judge Proud's Report (Doc. 70) in its entirety and **DENIES** Defendants' summary judgment motion (Doc. 32).   The Court also **DENIES** Defendant Evans's separate June 2010 motion, contained within the objections to the R&R (Doc. 75).

IT IS SO ORDERED.

DATED: September 29, 2010


s/Michael J. Reagan
Michael J. Reagan
United States District Judge