IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MICHAEL COOPER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| V. | ) | Civil No. 008-cv-0742-MJR |
|  | ) |  |
| JOHN EVANS, BARB COOKSEY, | ) |  |
| JON KLINE, ANGELA WINDSOR, | ) |  |
| GARY ADAM, CHARLES CONRAD, | ) |  |
| DEANA FORTAG, G. HOPSON, | ) |  |
| M. PROCTOR, C/O ORESKOVICH, | ) |  |
| and C/O HOWELL, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Before the Court is the Report and Recommendation of U.S. Magistrate Judge Stephen C. Williams (Doc. 160) regarding Defendants' Motion for Summary Judgment (Doc. 138). Also before the Court is Plaintiff Michael Cooper's Motion for Objections (Doc. 161), aimed at the Report and Recommendation.

**I. Introduction and Factual and Procedural Background**

In October 2008, Michael Cooper, an inmate in the custody of the Illinois Department of Corrections and housed at all relevant times at Big Muddy River Correctional Center, filed suit for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff Cooper's Amended Complaint (Doc. 29), which is now controlling, primarily alleges that, while Cooper was incarcerated at Big Muddy, he was denied the ovo-lacto diet required by his Buddhist religious

1

beliefs, in violation of the "free exercise" clause of the First Amendment, the "equal protection" clause of the Fourteenth Amendment– and by extension, the Religious Land Use and Institutionalized Persons Act ("RLUIPA") ,42 U.S.C. § 2000cc-1.[1] Cooper also asserts related First Amendment retaliation claims, and a claim under the Eighth Amendment regarding deliberate indifference to a related serious medical need.

Defendants John Evans, Barb Cooksey, Jon Kline, Angela Windsor, Gary Adam, Charles Conrad, Deana Fortag, G. Hopson, M. Proctor, C/O Oreskovich and C/O Howell filed a motion for summary judgment and supporting memorandum (Docs. 138 and 139). Plaintiff Cooper filed a response (Doc. 144), to which Defendants filed a reply (Doc. 149). Plaintiff Cooper filed a sur-reply (Doc. 15), which is forbidden by SDIL Local Rule 7.1(c), but which, in light of Cooper's *pro se* status and because Magistrate Judge Williams did not strike the sur-reply, will be considered by the Court.

Magistrate Judge Williams analyzed each of the four broad claims in the Amended Complaint. He further broke Cooper's First Amendment free exercise claim into four subparts, and Plaintiff's First Amendment retaliation claim was broken into two subparts. Judge Williams recommended the following disposition:

    1.    First Amendment Free Exercise Claims

          a.    Defendants' Motion for Summary Judgment relative to Plaintiff's First Amendment claim regarding Timing of Request and Placement

---

[1] In accordance with *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009), and in recognition of Plaintiff's *pro se* status, although Plaintiff has not specifically cited RLUIPA, this Court construes the Amended Complaint as containing such a claim. Section 1983 First Amendment and RLUIPA claims are both analyzed using the substantial burden test to determine whether a violation of a plaintiff's religious free exercise rights has occurred. *Nelson v. Miller*, 570 F.3d 868, 877 (7th Cir. 2009).

2

on Religious Diet should be granted in favor of Defendants Evans, Conrad, Hopson, Oreskovich and Howell, and denied relative to Defendants Cooksey, Kline, Windsor and Proctor[2];

    b.  Defendants' Motion for Summary Judgment relative to Plaintiff's First Amendment claim regarding Denial of Religious Diet While in Segregation should be granted relative to Defendants Evans, Conrad, Hopson, Oreskovich and Howell[3];

    c.  Defendants' Motion for Summary Judgment relative to Plaintiff's First Amendment claim regarding "Scarring" of Trays should be granted as to all Defendants, because there was no substantial burden on Plaintiff's religion and no evidence that Plaintiff was forced to choose between eating a nutritionally adequate meal and observing his religious tenants;

    d.  Defendants' Motion for Summary Judgment relative to Plaintiff's First Amendment claim regarding Use of Chapel should be denied as to Defendant Kline[4];

2.  Fourteenth Amendment Equal Protection

    Defendants' Motion for Summary Judgment regarding Plaintiff's equal protection claim should be granted as to all Defendants;

3.  First Amendment Retaliation

    a.  Defendants' Motion for Summary Judgment relative to Plaintiff's First Amendment claim regarding "Scarring" in Retaliation should be granted as to all Defendants, because the evidence does not show that the scarring rose to a level that would deter Plaintiff from First Amendment activity in the future;

---

[2]No First Amendment claim regarding Timing of Request and Placement on Religious Diet was stated relative to Defendants Adam and Fortag.

[3]No First Amendment claim regarding Denial of Religious Diet While in Segregation was stated relative to Defendants Adam and Fortag.

[4]The First Amendment claim relative to Use of the Chapel was only brought against Defendant Kline.

  b. Defendants' Motion for Summary Judgment relative to Plaintiff's First Amendment claim regarding Retaliation Through False Disciplinary Reports should be granted as to all Defendants; and

 4. Eighth Amendment Deliberate Indifference

Defendants' Motion for Summary Judgment relative to Plaintiff's Eighth Amendment claim that Defendant Nurse Fortag was deliberately indifferent to a serious medical need when she did not document Plaintiff's weight loss should be granted.

Pursuant to 28 U.S.C. § 636(b), this Court will undertake *de novo* review of only the portions of the Report to which specific objection was made. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Otherwise, the Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. FED. R. CIV. P. 72(b); Local Rule 73.1(b); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999).

## II. <u>Standard for Summary Judgment</u>

Summary judgment is appropriate where the pleadings, discovery materials, and any affidavits show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Turner v. The Saloon, Ltd.,* 595 F.3d 679, 683 (7th Cir. 2010); *Durable Mfg. Co. v. U.S. Department of Labor*, 578 F.3d 497, 501 (7th Cir. 2009)(citing FED. R. CIV. P. 56(c)). *Accord Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

In ruling on a summary judgment motion, the district court must construe all facts in the light most favorable to, draw all legitimate inferences in favor of, and resolve all doubts in favor of the non-moving party. *National Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512

(7th Cir. 2008)*; accord Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010); *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007).

When the non-moving party bears the burden of proof, he must demonstrate the existence of a genuine fact issue to defeat summary judgment. *Reget*, 595 F.3d at 695. Stated another way, to survive summary judgment, the non-movant must provide evidence on which the jury or court could find in his favor. *See Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008).

### III. Analysis

Plaintiff Cooper's objections to Judge Williams' Report and Recommendation pertain to the First Amendment "Scarring" in Retaliation claim, and to all First Amendment claims lodged against Defendant Evans. Pursuant to 28 U.S.C. § 636(b)(1)(B), this Court will undertake *de novo* review of those issues.

#### A. "Scarring" in Retaliation

The Amended Complaint has been liberally read to contain allegations that all Defendants retaliated against Plaintiff Cooper for filing grievances by "scarring" his food trays. There is no dispute among the parties that the term "scarring" refers to ovo-lacto meals that were improperly prepared or contained inappropriate foods items. *See* Doc. 150, p. 2; Doc. 144, p. 10. More specifically, it is alleged that Plaintiff was served beef-based gelatin ("Jello") and beef gravy.[5] Judge Williams recommended that Plaintiff's First Amendment claim regarding "Scarring" in Retaliation should be granted, because the evidence does not show that the scarring rose to a level

---

[5]Plaintiff also complains about being served plain potatoes, rather than "cheesy" potatoes. Plain potatoes do not offend the ovo-lacto standard, and Plaintiff's apparent preference for "cheesy" potatoes does not implicate the Constitution.

5

that would deter Plaintiff from First Amendment activity in the future. In reaching that conclusion, Judge Williams disregarded the unsworn affidavit of Dennis Edwards, and discounted the affidavit of Roy Lawhorn stating that Defendants Cooksey and Conrad told him to scar food trays on several occasions because Plaintiff had written grievances regarding his food trays.

Edwards' affidavit (Doc. 29-1, p. 2) "verifies" only that, "on more than one occasion" during the summer of 2008, Plaintiff Cooper's tray contained Jello. Plaintiff would have the Court overlook the fact that the portion of Edwards' affidavit indicating that it had been sworn to under penalty of perjury was crossed out. Plaintiff explains that he had tried to "self notarize" the document, but crossed that portion out because the notary/prison law librarian had said the notary stamp alone was sufficient for filing. The notary has indicated that the document was signed in her presence, but there is no indication that it was *sworn* to in her presence.

In *Pfeil v. Rogers*, 757 F.2d 850 (7th Cir. 1985), the Court of Appeals for the Seventh Circuit summarized the relevant requirements regarding affidavits:

> [Federal Rule of Civil Procedure] 56(e) requires that, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." "An affidavit is a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath." *Farm Bureau Mut. Auto Ins. Co. v. Hammer,* 83 F.Supp. 383, 386 (W.D.Va.), *rev'd. on other grounds,* 177 F.2d 793 (4th Cir.1949), *cert. denied,* 339 U.S. 914, 70 S.Ct. 575, 94 L.Ed. 1339 (1950); *see also Egger v. Phillips,* 710 F.2d 292, 311 n. 19 (7th Cir.), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983). Affidavits are admissible in summary judgment proceedings if they are made under penalties of perjury; only unsworn documents purporting to be affidavits may be rejected. 28 U.S.C.A. § 1746 (West Supp.1984); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 n. 16, 90 S.Ct. 1598, 1608 n. 16, 26 L.Ed.2d 142 (1970). "[T]he absence of the formal requirements of a jurat in ... sworn

6

> affidavits [does] not invalidate the statements or render them inadmissible [if] they were actually sworn to before an officer authorized to administer an oath." *Peters v. United States,* 408 F.2d 719, 722, 187 Ct.Cl. 63 (1969); *accord Dickinson v. Wainwright,* 626 F.2d 1184 (5th Cir.1980) (per curiam).

757 F.2d at 859 (footnotes omitted); *see also Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011) (citing *Pfeil v. Rogers*). Edwards' affidavit was properly disregarded because it was clearly not sworn to before the notary. Plaintiff's assertion that the affidavit is the sworn statement of Edwards is insufficient without sworn corroboration by Edwards.

Plaintiff Cooper further objects that the affidavit of Roy Lawhorn (Doc. 29-1, p. 1) is sufficient proof that (1) Defendants Conrad and Cooksey directed that Plaintiff's food trays be scarred because grievances had been filed regarding the trays, and (2) that Cooper gave up the ovo-lacto trays because of the retaliatory scarring.

"To prevail on a First Amendment retaliation claim, [the plaintiff] must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006)).

Judge Williams concluded that the alleged scarring did not, in and of itself, amount to a First Amendment free exercise violation. That conclusion is inextricably intertwined with the retaliation issue and will, in pertinent part, be reiterated, as it was the starting point of Judge Williams' analysis:

> Even if Jello was placed on [Plaintiff's] tray numerous times, there is no evidence that Plaintiff could not eat the remainder of his meal or that the Jello

> intermingled with other items in such a way that would contaminate other portions of his meal. There is no evidence that the Jello was creating a substantial burden on his practice of religion. Desert is not enough. The evidence on record does not suggest that his religious practices were rendered ineffective by these minor instances. In addition, there is no evidence given that Plaintiff was not given enough to eat or that he was receiving inadequate nutrition.

Doc. 160, p. 14-15. Plaintiff has not objected to this aspect of the Report and Recommendation and this Court has reviewed the evidence and reached the same conclusion. *De minimis* burdens on the free exercise of religion, such as denial of a pork-free diet on three occasions out of 810 meals, are not of constitutional dimension. *Rapier v. Harris*, 172 F.3d 999, 1006 fn4 (7th Cir. 1999); *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301 (10th Cir. 2010) (pudding or gelatin on Islamic prisoner's food tray on one occasion is not a substantial burden).[6]

> Relative to the claim regarding retaliatory scarring, Judge Williams further concluded:
>
> [T]he evidence does not show that these acts of "scarring" rise to a level of deprivation that would deter the Plaintiff from First Amendment activity in the future. Giving the Plaintiff Jello on occasion or potatoes lacking cheese is not enough of a deprivation that would deter the Plaintiff from filing grievances in this case. The instances that are on record . . . are very few and far between and not enough to rise to a level of deprivation adequate for a claim of retaliation.

Doc. 160, pp. 20-21.

The first prong of the retaliation claim is satisfied because a prisoner has a right under the First Amendment to challenge the conditions of his confinement by filing grievances and prison officials are not allowed to retaliate against an inmate for exercising his First Amendment rights. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (citing *Babcock v. White*, 102

---

[6]Plaintiff's deposition testimony indicates he was served beef-based gravy only once (Doc 139-1, p. 5 (Cooper Deposition, p. 17)).

F.3d 267, 274-275 (7th Cir. 1996)). It is undisputed that Plaintiff filed grievances regarding his food trays in the period leading up to the alleged retaliatory scarring in 2008.

Plaintiff's emphasis on Roy Lawhorn's affidavit as proof that scarring caused Plaintiff to give up the ovo-lacto diet is misplaced. The second prong of the retaliation claim requires that Plaintiff would likely be deterred from filing grievances (the constitutional activity that triggered the retaliation), *not* that he would likely be deterred from adhering to his religious diet. Again, because the scarring was *de minimis*, it is unlikely that a reasonable person would be deterred from writing grievances. In fact, Plaintiff was not deterred, as he continued to file written complaints about his ovo-lacto food trays. *See* Doc. 29-1, pp. 5, 18 and 20. Therefore, Plaintiff's retaliation claim fails, even if one is willing to concede that the timing of the grievances and the scarring were sufficient to suggest the required but-for causation. *See Gross v. FBL Fin. Servs., Inc.*, __U.S. __, 129 S. Ct. 2343 (2009); *Fairley v. Andrews*, 578 F.3d 518, 525-526 (7th Cir. 2009).

Having fully reviewed the record evidence and the arguments of the parties, for the reasons stated, Defendants' Motion for Summary Judgment relative to Plaintiff's First Amendment claim regarding "Scarring" in Retaliation is **GRANTED** as to all Defendants.

### B. Defendant Evans

The Amended Complaint does not contain any specific allegations regarding Defendant John Evans, who is the warden of Big Muddy. However, the general allegations that refer to "the Defendants" have been construed as encompassing Evans. The claims against Evans were allowed to proceed because Plaintiff attached documentation to the Amended Complaint– an emergency grievance– suggesting Evans's possible knowledge or involvement, which should suffice to permit the claim to proceed (Doc. 29-1, p. 18). Of course, at the summary judgment stage of

9

proceedings, "mere speculation" on the plaintiff's part is insufficient; instead, a plaintiff must come forward with some evidence of causation. *Rockwell Automation, Inc. v . Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 544 F.3d 752, 757 (7th Cir. 2008). There is no *respondeat superior* liability under Section 1983; plaintiffs must demonstrate that named officials are personally responsible for alleged deprivations. *Monell v. Department of Social Serv's,* 436 U.S. 658, 694 (1978).

Plaintiff was deposed and acknowledged that Evans had no involvement, except that he was the warden and should have overseen matters and/or provided proper training (*see* Doc. 45, p. 10 (Cooper Deposition, pp. 45-47)). Judge Williams concluded that there was insufficient evidence of personal or supervisory involvement. Relying primarily on *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006), Plaintiff Cooper now objects that Evans should not be permitted to shirk his responsibilities by not taking action on the issues raised in the emergency grievance.

Plaintiff's objection is premised upon the following statement in *Dole*: "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use *affirmative misconduct* to prevent a prisoner from exhausting." *Id.* at 809 (emphasis added). In *Dole*, the appellate court was addressing the exhaustion requirement and the relative availability of administrative remedies. Although *Dole* is not relevant to the *respondeat superior* doctrine and the requirement of personal involvement, there is a common underlying principle that is evinced by the use of term "affirmative misconduct" in *Dole*. The United States Supreme Court recently clarified in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), that a supervisory official's liability only result from his own action or inaction; he is not liable for negligence or omissions of those employed under him; "knowledge and acquiescence" are not enough. 129 S.Ct. at 1948-1949; *see also T.E.*

*v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (recognizing the *Iqbal* clarification and concluding "deliberate indifference" toward a subordinate's purposeful discrimination is insufficient). The emergency grievance, which is clearly signed on Evans's behalf by a designee, *may* be proof of knowledge, but there is nothing to suggest that Evans had the sort of personal intent required under *Iqbal* and *Grindle*. *See also Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009). Therefore, Defendant Evans is **GRANTED** summary judgment on all claims.

### C. Other Claims and Defendants

Having analyzed *de novo* all of the recommendations to which a specific objection was lodged, and having fully reviewed the Report and Recommendation, the Court concurs with and hereby **ADOPTS** all other aspects of Judge Williams' Report and Recommendation (Doc. 160), **GRANTING IN PART AND DENYING IN PART** Defendants' Motion for Summary Judgment (Doc. 138).

### IV. Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 138) Is **GRANTED IN PART AND DENIED IN PART**, such that the only claims remaining for trial are as follows:

1. Plaintiff Cooper's claim against Defendants Barbara Cooksey, Jon Kline, Michael Proctor and Angela Windsor for violation of his First Amendment right to practice his religion by their alleged denial of an ovo-lacto diet from March 2007 until June 2007;

2. Plaintiff Cooper's claim against Defendants Barbara Cooksey, Jon Kline, Michael Proctor and Angela Windsor for violation of his First Amendment right to practice his religion when they allegedly removed Plaintiff from his ovo-lacto diet while Plaintiff was in segregation; and

3. Plaintiff's claim against Defendant Jon Kline for violation of his First

Amendment right to practice his religion when Kline allegedly denied Plaintiff access to the prison chapel.

**IT IS SO ORDERED.**

**DATED: October 5, 2011**

<u>s/ *Michael J. Reagan*</u>
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**